UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

**DR. HELENE BERNSTEIN, M.D., PhD.,** *et al.*,

                **Plaintiffs,**

  vs.                                    5:20-CV-630
                                                    (MAD/CFH)

**DR. ROBERT SILVERMAN; UNIVERSITY OB/GYN ASSOCIATES, INC.; CROUSE HEALTH HOSPITAL, INC.; and CROUSE HEALTH SYSTEM, INC.,**

                **Defendants.**

---

**APPEARANCES:**                                **OF COUNSEL:**

**OFFICE OF THE UNITED**              **CARL G. EURENIUS, AUSA**
**STATES ATTORNEY**
100 South Clinton Street
Syracuse, New York 13261-7198
Attorney for Plaintiffs

**OFFICE OF THE NEW YORK**           **EMILY L. AULETTA, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorney for Plaintiffs United States
of America and the State of New York

**DARTH M. NEWMAN, LLC**             **DARTH M. NEWMAN, ESQ.**
1140 Thorn Run Rd.
Suite 601
Coraopolis, Pennsylvania 15108
Attorney for Plaintiff Relator

**THOMAS & SOLOMAN, PLLC**          **JONATHAN W. FERRIS, ESQ.**
693 East Avenue
Rochester, New York 14607
Attorney for Plaintiff Relator

**BARCLAY DAMON, LLP**               **DAVID G. BURCH, JR., ESQ.**
Barclay Damon Tower                      **KYRA GANSWITH, ESQ.**
125 East Jefferson Street
Syracuse, New York 13202


Case 5:20-cv-00630-MAD-CFH    Document 126    Filed 12/06/24    Page 2 of 7

Attorneys for Defendant Robert Silverman

| | |
|---|---|
| **LIPPES MATHIAS LLP** | **LAURA L. SPRING, ESQ.** |
| 507 Plum Street | **ALLISON B. CHERUNDOLO, ESQ.** |
| Suite 310 | |
| Syracuse, New York 13204 | |
| Attorneys for Defendant University | |
| OB/GYN Associates, Inc. | |
| | |
| **MCDERMOTT WILL & EMERY LLP** | **LAURA MCLANE, ESQ.** |
| 28 State Street | |
| Boston, Massachusetts 02109-1775 | |
| Attorney for Defendants Crouse | |
| Health Hospital, Inc., and Crouse | |
| Health System, Inc. | |
| | |
| **MCDERMOTT WILL & EMERY LLP** | **NATASHA L. DOBROTT, ESQ.** |
| 200 Clarendon Street | **MEGAN CORRIGAN, ESQ.** |
| Suite 58 | |
| Boston, Massachusetts 02116 | |
| Attorneys for Defendant Crouse | |
| Health Hospital, Inc., and Crouse | |
| Health System, Inc. | |
| | |
| **MCDERMOTT WILL & EMERY LLP** | **STACY A. LUTKUS, ESQ.** |
| One Vanderbilt Avenue | |
| New York, New York 10017 | |
| Attorney for Defendant Crouse | |
| Health Hospital, Inc. | |

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On May 6, 2020, Plaintiff and Relator Helene Bernstein, M.D., Ph.D., ("Relator") commenced this qui tam action on behalf of the United States of America and the State of New York (collectively "Plaintiffs") asserting that Defendants University OB/GYN Associates ("University OB/GYN"), Crouse Health Hospital and Crouse Health System (together "Crouse") (collectively "Entity Defendants"), and Robert Silverman, M.D. ("Dr. Silverman") (collectively

"Defendants") submitted, or caused to be submitted, materially false bills for medical services which were not performed. *See* Dkt. No. 1. Relator also brought claims on her own behalf asserting that Defendants retaliated against her for reporting, attempting to stop, and refusing to participate in Defendants' dangerous and fraudulent patient care. *See id.*

On December 15, 2023, Relator filed an amended complaint. *See* Dkt. No. 74. In her amended complaint, Relator asserts the following ten claims against Defendants: (1) presenting false claims for payment under the False Claims Act (the "FCA"), 31 U.S.C. § 3729(a)(1)(A); (2) making false statements under the FCA, 31 U.S.C. § 3729(a)(1)(B); (3) conspiring to violate the FCA in violation of 31 U.S.C. § 3729(a)(1)(C); (4) presenting false claims for payment under the New York False Claims Act (the "NYFCA"), codified at New York Finance Law § 189(1)(a); (5) making false statements under the NYFCA, codified at New York Finance Law § 189(1)(b); (6) conspiring to violate the NYFCA in violation of New York Finance Law § 189(1)(c); (7) retaliation in violation of 31 U.S.C. § 3730(h); (8) retaliation in violation of New York Finance Law § 191; (9) a claim for retaliation in violation of New York Labor Law §§ 740, 741; and (10) filing reverse false claims in violation of 31 U.S.C. § 3729(a)(1)(G). *See* Dkt. No. 1.

On January 9, 2024, University OB/GYN, Crouse, and Dr. Silverman filed motions to dismiss Relator's claims. *See* Dkt. Nos. 83, 84, 86. On January 30, 2024, Relator filed a response in opposition, *see* Dkt. No. 88, and on February 6, 2024, Defendants filed their replies. *See* Dkt. Nos. 91-93.

In a July 31, 2024, Memorandum-Decision and Order, the Court granted in part and denied in part the motions to dismiss. *See* Dkt. No. 102. In its seventy-two page Memorandum-Decision and Order, the Court granted the motions to dismiss as to the following claims: (1) Relator's reverse false claims and conspiracy claims against University OB/GYN; (2) Relator's

3

reverse false claims, conspiracy claims, and New York Labor Law claims against Crouse; and (3) Relator's reverse false claims and conspiracy claims against Dr. Silverman. *See id.* at 71. The motions to dismiss were otherwise denied.

On August 14, 2024, Crouse moved for partial reconsideration of the Court's Memorandum-Decision and Order. *See* Dkt. No. 104-1. Specifically, Crouse seeks "reconsideration of the Court's ruling on the limited issue of whether Relator has sufficiently pled that Crouse submitted false claims under the False Claims Act ... and the New York False Claims Act for purposes of Counts I, II, VI, and VII; in other words, Crouse seeks reconsideration of the Court's determination that Relator has adequately pled the essential element of falsity as to Crouse." *Id.* at 3.

For the reasons set forth below, Crouse's motion for reconsideration is denied.

## II. BACKGROUND

For a complete recitation of the relevant background, the Court refers the parties to the Court's July 31, 2024, Memorandum-Decision and Order. *See* Dkt. No. 102.

## III. DISCUSSION

**A.     Standard of Review**

Motions for reconsideration proceed in the Northern District of New York under Local Rule 60.1 (formerly Rule 7.1(g)).[1] "In order to prevail on a motion for reconsideration, the

---

[1] Local Rule 60.1 provides in relevant part as follows:

> Unless otherwise provided by the Court, by statute or rule ..., a party may file and serve a motion for reconsideration or reargument no later than FOURTEEN DAYS after the entry of the challenged judgment, order, or decree. All motions for reconsideration shall conform with the requirements set forth in L.R. 7.1(a)(1) and (2). The briefing schedule and return date applicable to motions for

(continued...)

movant must satisfy stringent requirements." *In re C-TC 9th Ave. P'ship v. Norton Co.*, 182 B.R. 1, 2 (N.D.N.Y. 1995). Such motions "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). The prevailing rule "recognizes only three possible grounds upon which motions for reconsideration may be granted; they are (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *In re C-TC 9th Ave. P'ship*, 182 B.R. at 3 (citations omitted). "[A] motion to reconsider should not be granted where the moving party seeks solely to re[-]litigate an issue already decided." *Shrader*, 70 F.3d at 257; *see also Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted).

**B.     Application**

In its motion for reconsideration, Crouse argues that this Court's conclusion that Relator has met the pleading standard was a clear error of law, "resulting from granting inferences to Relator to which she is not legally entitled here." Dkt. No. 104-1 at 3. Specifically, Crouse contends that "courts may forgive a relator's inability to point to *specific bills or claims* submitted to government payors if, and only if, the relator can provide specific information about fraudulent behavior engaged in by the defendant that likely gave rise to the submission of those false bills or claims." *Id.* (citing *United States ex rel. Chorches for Bankr. Est. of Fabula v. Am. Med. Response, Inc.*, 865 F.3d 71, 83 (2d Cir. 2017)). Crouse argues that a step is missing in the

---

[1](...continued)
>reconsideration shall conform to L.R. 7.1(a) .... The Court will decide motions for reconsideration or re-argument on submission of the papers, without oral argument, unless the Court directs otherwise.

present matter: "Relator provides no specific facts about any allegedly unreviewed fetal nonstress tests ("NSTs") or any other fraudulent conduct at Crouse. ... As such, ... she is not entitled to an inference that false claims were submitted, and it is irrelevant whether billing and claiming information is or is not exclusively within Crouse's control." *Id.* at 3-4.

Upon review, the Court finds that Crouse has failed to present a compelling reason warranting reconsideration. Instead of identifying new authority, a change in authority, or any overlooked matters, Crouse simply restates the same arguments and citations used in the underlying motion to dismiss that the Court found unpersuasive.

Crouse does not contend that the Court overlooked binding authority; rather, it is dissatisfied with the Court's analysis of the relevant caselaw and its application to the facts alleged in the amended complaint. For example, Crouse argues that relators must "'adduce specific facts supporting a strong inference of fraud'" and contends that Relator has failed to do so here. *See* Dkt. No. 104-1 at 3 (quoting *United States ex rel. Chorches for Bankr. Est. of Fabula v. Am. Med. Response, Inc.*, 865 F.3d 71, 83 (2d Cir. 2017)). Crouse contends that the facts in the present case are distinguishable from those in *Chorches* and *Pilat v. Amedisys, Inc.*, No. 23-cv-566, 2024 WL 177990, *3 (2d Cir. Jan. 17, 2024). *Id.* at 3-6.

In its July 31, 2024, Memorandum-Decision and Order, however, the Court specifically addressed all of these arguments and came to the opposite conclusion. *See* Dkt. No. 102 at 45-49. After specifically identifying these exact arguments and analyzing the same authority raised by Crouse, the Court held that Relator had raised a sufficiently strong inference of fraud. For example, the Court held as follows:

> Here, the alleged fraudulent conduct pertained to confidential medical records and Relator has alleged that the "detailed billing information is solely and uniquely within the possession, custody, and control of the Entity Defendants." Dkt. No. 74 at ¶ 222.

6

> Therefore, although the amended complaint does not allege specific identifying information about patient records for NSTs, the Court finds that it contains sufficient detail about the types of claims Dr. Silverman submitted for Defendants to identify the allegedly false claims.

Dkt. No. 102 at 48. The Court finds no error in this conclusion and, therefore, denies Crouse's motion for reconsideration on this ground.

Crouse further argues that Relator's "[g]eneralized allegations about 'personal observations' and electronic systems are not sufficient to create a strong inference that specific false claims were submitted to the government." Dkt. No. 104-1 at 5. Again, this argument was specifically addressed in the Court's July 31, 2024, Memorandum-Decision and Order, *see* Dkt. No. 102 at 48-50, and Crouse's attempts to relitigate this issue are improper and otherwise unpersuasive.

Accordingly, Crouse's motion for partial reconsideration is denied in its entirety.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, the Court hereby

**ORDERS** that Crouse's motion for partial reconsideration (Dkt. No. 104) is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: December 6, 2024
      Albany, New York

Mae A. D'Agostino
U.S. District Judge